# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

No. 17-41242
c/w No. 17-41253
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
August 9, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN KEVIN WALDRIP,

Defendant-Appellant

Cons w/No. 17-41253

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN KEVIN WALDRIP, also known as DVD Man,

Defendant-Appellant

————————

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 3:16-CR-16-1

————————

No. 17-41242
c/w No. 17-41253

Before JOLLY, HIGGINSON, and HO, Circuit Judges.

PER CURIAM:[*]

John Kevin Waldrip appeals the within-guidelines, 175-month sentences imposed following his convictions for distribution, receipt, and possession of child pornography. He contends that the district court erred by finding that he is non-indigent for purposes of 18 U.S.C. § 3014 and, consequently, by imposing a total of $15,000 in special assessments under § 3014(a)(3). Waldrip also appeals his consecutive, 18-month revocation sentence, contending that the district court erred by holding that he committed a Grade A violation as defined by U.S.S.G. § 7B1.1.

We review for clear error the district court's determination that Waldrip is not indigent for purposes of § 3014. *See United States v. Graves*, 908 F.3d 137, 140 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1360 (2019). In making the determination, the district court could consider Waldrip's future earning capacity and whether he will be capable of paying the assessments over the span of 20 years following his release from prison. *See Graves*, 908 F.3d at 141-43; § 3014(g); 18 U.S.C. § 3613(b). Given the record evidence of Waldrip's education, his past record of employment and earnings, his identified monthly expenses, and his prospects for future employment as set forth in a letter written by his most recent employer, Waldrip fails to leave us "with the definite and firm conviction that a mistake has been made." *Graves*, 908 F.3d at 144 (internal quotation marks and citation omitted).

Because Waldrip failed to object to the classification of his supervised release violations under § 7B1.1, we review for plain error. *See Puckett v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-41242
c/w No. 17-41253

*United States*, 556 U.S. 129, 135 (2009). To demonstrate plain error, Waldrip must show a forfeited error that is clear or obvious and that affects his substantial rights. *See id.* If he makes such a showing, we have the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.* We agree with the parties that Waldrip has made the necessary showing for the reasons below.

Waldrip's violative conduct does not constitute a crime of violence or controlled substance offense and does not involve possession of a firearm or destructive device. *See* § 7B1.1(a)(1)(A). Further, since Waldrip has no qualifying prior convictions, his violations of Texas Penal Code § 43.26 and 18 U.S.C. §§ 2252A do not constitute Grade A violations because they are not punishable by terms of imprisonment exceeding 20 years. *See* § 7B1.1(a)(1)(B); § 43.26(d) and (g) (providing that, absent prior § 43.26 convictions, violations of § 43.26 constitute second or third degree felonies under Texas law); § 2252A(b)(1) and (2) (prescribing 20-year maximum sentences absent prior, enhancement-qualifying convictions). The district court thus committed clear or obvious error by holding that Waldrip had committed a Grade A violation. *See Puckett*, 556 U.S. at 135.

The error affects Waldrip's substantial rights since it incorrectly increases his guidelines range. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016). We exercise our discretion to correct the error. *See Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1911 (2018); *Puckett*, 556 U.S. at 135.

Waldrip's convictions and sentences for distribution, receipt, and possession of child pornography are AFFIRMED. The revocation sentence is VACATED, and the revocation case is REMANDED for resentencing.